Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ANGGIE COLLAZO GARCÍA Y OTROS<br><br>*Demandantes*<br><br>v.<br><br>HOGAR DE LA LOMA DE SAN AGUSTÍN, INC., LIC. NORBERTO MEDINA ZURINAGA, PRESIDENTE Y OTROS<br><br>*Demandados*<br><br>**JOSÉ R. CACHO RODRÍGUEZ**<br><br>*Peticionario* | TA2026CE00516 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV06148<br><br>Sobre: Incumplimiento de Contrato y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a <u>8</u> de mayo de 2026.

Comparece ante nos el Lcdo. José R. Cacho Rodríguez (Lcdo. Cacho Rodríguez o peticionario) mediante recurso de *Certiorari* y solicita que revoquemos la *Orden*[1] emitida y notificada el 20 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Solicitud Urgente Sobre Relevo de Designación de Oficio*[2] presentada por el peticionario.

Por los fundamentos que expondremos a continuación, **expedimos** el recurso de *certiorari* solicitado y **revocamos** la *Orden* recurrida.

---

[1] Apéndice 88 del recurso de *Certiorari.*
[2] Apéndice 87 del recurso de *Certiorari.*

## I.

El caso de autos tuvo su génesis el 6 de julio de 2025, cuando la señora Anggie Collazo García (señora Collazo García), Luz A. Walker, la señora Tamar Collazo García, el señor Joel Collazo García y Janette Collazo García (en conjunto, demandantes) instaron una *Demanda*[3] de daños y perjuicios y negligencia en contra del Hogar de la Loma de San Agustín, Inc. (Hogar de la Loma) y el señor Norberto Medina Zurinaga (señor Medina Zurinaga) (en conjunto, demandados). En respuesta, el 9 de octubre de 2025, el Hogar de la Loma y el licenciado Norberto Medina Zurinaga sometieron su *Contestación a la Demanda*[4].

Tras varios incidentes procesales, el 26 de marzo de 2026, los demandantes presentaron una *Moción Solicitando Designación de Defensor Judicial de Oficio para la Codemandante Sra. Anggie Collazo García*[5]. En la misma, informaron que la señora Collazo García padecía de condiciones que limitaban su capacidad. Asimismo, esbozaron que, ésta se encontraba en una condición que le impedía solicitar servicios *in forma pauperis*, por ello, los demandantes solicitaron al foro recurrido que designara un defensor judicial de oficio del Panel de Voluntarios de Abogados y Abogadas.

A tales fines, el 17 de abril de 2026, el TPI emitió y notificó una *Orden para la asignación de Abogado(a) de Oficio o Abogado(a) Auxiliar*[6] mediante la cual designó al peticionario como defensor judicial de la señora Collazo García. Por su parte, el 20 de abril de 2026, el Lcdo. Cacho Rodríguez sometió una *Solicitud Urgente Sobre Relevo de Designación de Oficio*[7]. Allí arguyó que, carecía de experiencia en litigios, ya que su práctica profesional por más de cuarenta (40) años se había limitado al derecho corporativo y

---

[3] Apéndice 1 del recurso de *Certiorari*.
[4] Apéndice 17 del recurso de *Certiorari*.
[5] Apéndice 73 del recurso de *Certiorari*.
[6] Apéndice 84 del recurso de *Certiorari*.
[7] Apéndice 87 del recurso de *Certiorari*.

comercial. Sostuvo que no poseía las destrezas necesarias para manejar un proceso judicial adversativo y que asumir dicha representación contravendría el Canon 18 de Ética Profesional y la jurisprudencia aplicable. De igual manera, informó que había comenzado un proceso gradual de retiro de la práctica de la profesión. Específicamente, esbozó que ya había entregado su notaria, ya no era socio de la firma en la cual trabajaba y que había reducido sus horas de trabajo.

Evaluado el petitorio, ese mismo día, el foro recurrido emitió y notificó una *Orden* en la cual dispuso lo siguiente:

> No Ha Lugar. La designación de oficio en este caso se limita a ejercer como defensor judicial de la Sra. Anggie Collazo García a la luz de la Regla 15.2 de Procedimiento Civil; no como su abogado de récord. A tales fines, sus funciones están limitadas a suplirle capacidad legal durante este proceso y hacer los planteamientos necesarios de modo que se vele por su mejor bienestar e intereses en el pleito. Véase Rivera Marrero v. Santiago, 203 DPR 462 (2019); Rodríguez Colón vs. Rodríguez Colón, 2023 WL 6139586 (TCA)[8].

Insatisfecho, el 21 de abril de 2026, el peticionario presentó una *Moción de Reconsideración de Orden sobre Solicitud de Relevo de Designación de Oficio*[9]. En ésta, recalcó lo esbozado en la solicitud de relevo, añadió que no está familiarizado con los requisitos de la Ley HIPAA y que no había actuado como defensor judicial en su carrera profesional. Así pues, solicitó que, el TPI dictara una orden relevándolo de la representación legal como defensor judicial de la señora Collazo García y que se elimine su nombre del listado de abogados al cual el Tribunal acude para casos de designación de oficio. Evaluada tal solicitud, el 22 de abril de 2026, el foro recurrido notificó una *Orden*[10] en la cual declaró *No Ha Lugar* la solicitud de reconsideración.

---

[8] Apéndice 88 del recurso de *Certiorari*.
[9] Apéndice 92 del recurso de *Certiorari*.
[10] Apéndice 93 del recurso de *Certiorari*.

Inconforme, el 27 de abril de 2026, el peticionario acudió ante este foro intermedio y le imputo al TPI los siguientes señalamientos de error:

**Primer Error**: Erró el Tribunal de Primera Instancia al denegar el relevo del abogado designado de oficio como Defensor Judicial, ignorando que el peticionario nunca ha incursionado en la práctica jurídica contenciosa ante los tribunales durante sus cuarenta (40) años de práctica, en directa contravención de lo resuelto por este Honorable Tribunal en Banco Popular de PR v. Sucn. de Rodolfo Santos Rodríguez, TA2026CE00168 (2026).

**Segundo Error:** Erró el Tribunal de Primera Instancia al denegar el relevo pese a que la designación implicaría el quebrantamiento de los deberes éticos de diligencia y competencia que impone la Regla 1.1 de las Reglas de Conducta Profesional de Puerto Rico, siendo ello una causa de justa causa expresamente reconocida por el Reglamento para la Asignación de Abogados y Abogadas de Oficio y ampliamente respaldada por la jurisprudencia del Tribunal Supremo.

**Tercer Error:** Erró el Tribunal de Primera Instancia al concluir, sin fundamento adecuado, que la limitación de las funciones del Defensor Judicial bajo la Regla 15.2 de Procedimiento Civil eliminaba la necesidad de competencia forense para ejercer adecuadamente dicha función en representación de una persona incapacitada.

**Cuarto Error**: Erró el Tribunal de Primera Instancia al asignar al peticionario como Defensor Judicial sin acudir primero al listado de abogados pertenecientes al panel de abogados y abogadas voluntarios(as).

Por no estimarlo necesario, prescindimos de la comparecencia de la parte recurrida, conforme nos faculta la Regla 7 (B) (5) del Reglamento de este Tribunal[11].

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[12] y conforme a los criterios que dispone la Regla

---

[11] Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025).
[12] 32 LPRA Ap. V, R. 52.1.

40 del Reglamento del Tribunal de Apelaciones[13]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[14]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[15].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[16]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[17].
> [...]

---

[13] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025).
[14] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[15] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[16] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).
[17] 32 L.P.R.A. Ap. V, R. 52.1.

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de certiorari, este Tribunal debe tomar en consideración los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

El Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico (Reglamento) se promulgó "en virtud del poder inherente del Tribunal Supremo de Puerto Rico para reglamentar la profesión de la abogacía en Puerto Rico y establecer los procedimientos necesarios para facilitar la sana administración de la justicia [. . .]"[18]. Esto, pues, "[r]ecae sobre el Estado el deber de garantizar el acceso a la representación legal a personas de escasos

---

[18] Regla 1 del Reglamento para la Asignación para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico del 12 de otubre de 2018, 4 LPRA Ap. XXXVIII, según enmendado.

recursos económicos, como corolario al principio constitucional de igualdad ante la ley del Articulo II, Sección 1 de nuestra Constitución[19]. Siendo así, mediante este reglamento, se implementó un sistema de asignaciones de oficio para procedimientos, tanto de naturaleza civil como penal, en los tribunales de Puerto Rico[20].

Una vez se determine la indigencia de una persona, el tribunal realizará la asignación de representación legal a través del Módulo de Asignaciones de oficio[21], designando, en primer término, los abogados que voluntariamente solicitaron estar entre los primeros turnos del banco de oficio[22]. Agotados esos voluntarios, el Tribunal seleccionará al abogado o abogada que esté próximo en turno, según su antigüedad y zona judicial[23]. Seleccionado el abogado o abogada a través del referido módulo, se le notificará electrónica o telefónicamente en un periodo que no exceda veinte cuatro (24) horas[24]. El abogado o abogada seleccionado debe asumir la representación legal del indigente desde su notificación.

Ahora bien, cuando un abogado o abogada de oficio entienda que no puede asumir la representación legal por un conflicto ético debe advertirlo inmediatamente, para que se dirima este asunto por otro juez o jueza[25]. Así, pues, se celebrará una vista *ex parte* confidencial, dentro de un término que no exceda cinco (5) días[26]. Celebrada la vista, el jugador deberá, en un término no mayor de dos (2) días, resolver si existe o no justa causa para no asumir

---

[19] *Íd.*

[20] *Íd.*

[21] Regla 8 (c) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.*

[22] Regla 8 (c) (1) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.*

[23] Regla 8 (c) (2) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.*

[24] Regla 8 (f) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.*

[25] Regla 8 (g) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.*

[26] *Íd.*

representación legal o solicitar relevo por razones éticas o por conflicto de interés, según aplique[27].

Respecto a los criterios para autorizar el relevo de representación legal la Regla 8(h) del Reglamento establece que una vez se realiza la asignación de abogado solo se relevará al abogado que presente una moción al tribunal y demuestre justa causa según lo dispone el reglamento[28]. La justa causa se evaluará conforme a lo establecido en la Regla 9 (b) del Reglamento en la cual dispone que se considerara como justa causa:

(1) La asignación seria onerosa en vista de la cantidad de asignaciones de oficio recibidas o de la cantidad de horas de oficio pro bono ofrecidas en la representación de oficio y certificadas al amparo de este Reglamento durante el año fiscal en curso.

(2) Durante el año fiscal, el abogado o la abogada recibió 3 asignaciones previas que le requirieron una inversión sustancial de tiempo. Se entenderá que un abogado o una abogada realizó una inversión sustancial de tiempo. Se entenderá que un abogado o una abogada realizó una inversión sustancial de tiempo cuando las 3 asignaciones de oficio al amparo de este Reglamento le han requerido en el año fiscal en curso
  i. la prestación, en el agregado, de más de 50 horas certificadas por el tribunal o
  ii. la atención de juicios criminales en su fondo;

(3) la asignación implicaría un quebrantamiento de los deberes éticos de diligencia y competencia, o

(4) existan conflictos de intereses personales, éticos o profesionales.

Se dispone expresamente que la enumeración antes expuesta no es taxativa, por lo que todo abogado y toda abogada podrá solicitar un relevo de una asignación de oficio por otras razones que constituyan justa causa[29].

[…].

**-B-**

El defensor judicial es un tutor especial designado por el tribunal para que represente a un menor de edad o un incapacitado en un pleito específico[30].

---

[27] *Íd.*

[28] Regla 8 (h) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.*

[29] Regla 9 (b) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra.*

[30] *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 486 (2019).

La figura del defensor se encuentra bajo el palio la de la Regla 15.2 (a) de las de Procedimiento Civil[31], la cual establece que:

> Un o una menor deberá comparecer por medio de su padre o madre con patria potestad o, en su defecto, por medio de su tutor o tutora general. Una persona mayor de edad o emancipada que esté judicialmente incapacitada deberá comparecer por medio de su tutor o tutora general. Sin embargo, el tribunal podrá nombrarle un defensor o una defensora judicial a cualquier menor o persona incapacitada judicialmente siempre que lo juzgue conveniente o esté dispuesto por ley.

"El nombramiento procede en virtud del poder de *parens patriea* [padre de la patria] que ostenta el Estado y que tiene como único y principal objetivo asegurar el bienestar de los menores e incapaces"[32].

**III.**

Antes de atender la controversia que nos ocupa, debemos puntualizar que, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior[33]. Ahora bien, es preciso reiterar que el *certiorari* queda enmarcado dentro de la normativa que les concede deferencia a las actuaciones del Tribunal de Primera Instancia, por tanto, el Tribunal de Apelaciones únicamente podrá intervenir con un dictamen interlocutorio emitido por el foro primario si se ancla en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones[34]. Además, podremos intervenir cuando se demuestre que el referido foro actuó con perjuicio, parcialidad, abusó de su discreción o se equivocó en la interpretación de alguna norma procesal o de derecho sustantivo[35]. Así pues, examinado el recurso ante nuestra consideración, colegimos expedir el auto solicitado. Veamos.

---

[31] 32 LPRA Ap. V, R.15.2 (a).
[32] *Rivera Marrero v. Santiago Martínez, supra*, pág. 486.
[33] 32 LPRA Ap. V, R. 52.1.
[34] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*
[35] *Íd.*

En apretada síntesis, el Lcdo. Cacho Rodríguez adujo que el TPI incidió al no relevarlo de su designación como representante legal de oficio, específicamente, como defensor judicial de la señora Collazo García.

Según adelantamos en la exposición del derecho, la Regla 8(h) y 9(b) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra*, establece cuales son los criterios que ha de ponderar el TPI para relevar a un abogado de oficio. El abogado tendrá que presentar un escrito al tribunal en el cual deberá demostrar justa causa para poder ser relevado. Así pues, uno de los criterios que se considerara como justa causa, es el quebrantamiento de los deberes éticos de **diligencia y competencia**.

En *In Re: Radinson Pérez et al.*, 204 DPR 522, 523 (2020) se expuso que:

> [e]l deber de *diligencia* que impone el Canon 12, *supra*, se refiere al deber de actuar oportunamente a favor de un cliente o respecto a órdenes del tribunal [, mientras que e]l deber de *competencia*, por su parte, puede delimitarse al deber de poseer los conocimientos jurídicos necesarios para la tramitación adecuada de un caso o gestión profesional.

El peticionario, tanto en su solicitud de relevo como en su recurso, alegó que, salvo un par de comparecencias asistiendo a otros abogados al comienzo de su carrera, durante los cuarenta (40) años que lleva practicando la profesión, no había litigado en los tribunales, dedicándose exclusivamente a la práctica del derecho corporativo y comercial.

Por consiguiente, el propósito del nombramiento de un defensor judicial es garantizar que la persona vulnerable pueda intervenir en igualdad de condiciones en los pleitos. Ciertamente, colegimos que el Lcdo. Cacho Rodríguez no posee las destrezas forenses necesarias para poder brindar una representación legal adecuada a la señora Collazo García. Como vemos, el peticionario

cumple con uno de los criterios para poder ser relevado como abogado de oficio, debido a que nunca ha incursionado en la práctica jurídica contenciosa ante los tribunales. Por lo tanto, no se le puede considerar como un abogado con competencia en materia de litigación. Designarlo como abogado de oficio pondría a la señora Collazo García en un estado de vulnerabilidad. Esbozado lo anterior, concluimos que no procede su designación como Defensor Judicial.

**IV.**

Por los fundamentos antes expuestos, ***expedimos*** el recurso de *certiorari* solicitado y ***revocamos*** la *Orden* recurrida. Al amparo de la Regla 35 (A)(1) de nuestro Reglamento, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin tener que esperar por el recibo de nuestro mandato[36].

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[36] Regla 35 (A)(1): "(A) En casos civiles (1) La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." Véase la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 58-59, 216 DPR ____ (2025).